UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRYWALL TAPERS AND
POINTERS OF GREATER NEW
YORK LOCAL UNION 1974,
AFFILIATED WITH
INTERNATIONAL UNION OF
ALLIED TRADES, AFL-CIO,

      Petitioner,

– *against* –

SEAMLESS WALL FINISHING INC.,

      Respondent.

**OPINION & ORDER**

23-cv-1951 (ER)

RAMOS, D.J.:

   Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO ("the Union") petitions the Court to confirm an arbitration award against Seamless Wall Finishing Inc. ("Seamless Wall"). Doc 1. For the reasons set forth below, the Union's motion is granted.

**I.  FACTUAL BACKGROUND**

   The Union is a labor organization within the meaning of § 301 of the Taft-Hartley Act (29 U.S.C. § 185), which represents employees in an industry affecting commerce as defined in § 501 of the Taft-Hartley Act (29 U.S.C. §142), and § 3(4) of ERISA (29 U.S.C. § 1002(4)). Doc. 1 ¶ 2. Seamless Wall is a corporation incorporated under New York law and is an employer in an industry affecting commerce within the meaning of § 301 of the Taft-Hartley Act. *Id.* ¶ 3.

   At all relevant times, Seamless Wall was party to a collective bargaining agreement ("CBA") with the Union. Doc. 3-2 (CBA). The CBA provides that all disputes will be submitted to final, binding decisions of the Joint Trade Board. *Id.* at Art.

XIV. The Union alleged that Seamless breached several provisions of the CBA concerning taper job registration requirements and registration of jobs for overtime work. Doc. 1 ¶ 6. Pursuant to Article XIV of the CBA, the Union filed a demand for arbitration with the Joint Trade Board on September 12, 2022. Doc. 3-3. The Joint Trade Board held a hearing on November 3, 2022. Doc. 3-1 (Decision of the Joint Trade Board) at 2. Although notifications of the hearing were sent, Seamless Wall did not appear the hearing. *Id*. After hearing testimony, the Joint Trade Board held that Seamless Wall violated the CBA and assessed a fine of $2,250 against Seamless Wall, which it directed to be paid within ten days of the decision, which was issued on November 21, 2022. *Id.* at 3–4. The Union served the award on Seamless Wall on November 23, 2022. Doc. 3-4 (Nov. 23, 2022 Letter). When Seamless Wall failed to pay, the Union again sent Seamless Wall a copy of the award on December 12, 2022 and demanded payment. Doc. 3-5 (Dec. 12, 2022 Letter). To date, Seamless Wall still has not paid the fine. Doc. 1 ¶ 13.

On March 7, 2023, the Union filed a petition to confirm the arbitration. Doc. 1. It also seeks payment of its legal fees and expenses in bringing the petition. Doc. 1-1 at 5–6. The Union moved for summary judgment on April 25, 2023. Doc. 9. Seamless Wall has not appeared. Accordingly, the petition is unopposed.

## II.     LEGAL STANDARD

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The Court is required to grant the award "unless the award is vacated, modified, or corrected." *Id*. (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation and internal quotation marks omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15-cv-3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record." (internal quotation marks and citation omitted)). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a

3

nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.   DISCUSSION

The Court finds that there is sufficient justification for this award. *See Landy*, 954 F.2d at 797. The Joint Trade Board heard testimony, and its award reflects Seamless Wall's obligations under the CBA. Docs. 3-1, 3-3. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-cv-005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate. Seamless Wall has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13-cv-5096 (KPF), 2013 WL 6498165, at

\*6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07-cv-3870 (RJS), 2008 WL 2047612, at \*4 (S.D.N.Y. May 12, 2008) (collecting cases)).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## IV.   CONCLUSION

For all of these reasons, the petition is granted, and the arbitration award is confirmed. The Union is directed to send a copy of this Opinion and Order to Seamless Wall and to submit to the Court evidence the amount of attorneys' fees and costs to be assessed.

The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   December 29, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.